UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES J. MILTENBERGER, JR.,

    Plaintiff,

        v.                        CAUSE NO. 3:20-CV-682-JD-MGG

MARSHALL COUNTY SHERIFF'S
DEPARTMENT, et al.,

    Defendants.

OPINION AND ORDER

Charles J. Miltenberger, Jr., a prisoner without a lawyer, filed a complaint alleging he was injured while a pre-trial detainee at the Marshall County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Miltenberger alleges Officer Horton improperly shackled his ankles on March 1, 2019, in a way that made the chain shorter than normal. He then walked with other inmates to a van escorted by Officer Kraning A.C. where he fell when he tried to get in. After he fell, he alleges Officer Kraning A.C. laughed at him, but then helped him get

up and into the van after other inmates suggested he do so. He alleges he was dirty, hurting, bleeding, and had a swollen eye. Officer Kraning A.C. drove the van full of inmates to the courthouse. The judge sent everyone away shortly after they entered the courtroom. Upon his return to the jail, his scrapes were cleaned, he was given Band-Aids, and a new uniform. For days thereafter, he alleges he was in pain. He attaches an x-ray report from March 11, 2019, finding he had "[d]egenerative joint disease of the right shoulder;[1] otherwise no fracture or dislocation." ECF 1-1 at 2.

A pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). However, "[i]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id*. at 539. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). However, for a pre-trial detainee to establish a claim under the Fourteenth Amendment, "it will not be

---

[1] "Degenerative joint disease, also known as osteoarthritis (OA), is a common 'wear and tear' disease. The underlying cause of this condition is typically chronic repetitive motion that results in inflammation and structural joint damage." American Academy of Physical Medicine and Rehabilitation, https://www.aapmr.org/about-physiatry/conditions-treatments/pain-neuromuscular-medicine-rehabilitation/degenerative-joint-disease. There is no indication Miltenberger's degenerative joint disease was caused by his falling while trying to climb into the van.

enough to show negligence or gross negligence." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Here, there is no indication either Officer Horton or Officer Kraning A.C. acted with anything more than negligence in connection with either his ankle shackles or his fall while climbing into the van. Though Officer Kraning A.C. laughed when he fell and briefly delayed helping him up, there is no indication he was injured by either. Neither is there any indication the short time it took to go to the courthouse before returning to the jail to have his wounds cleaned and covered with Band-Aids resulted in any exacerbation to the injuries he suffered when he fell. Though he alleges he was in pain for days thereafter, there is no indication either officer prevented him from receiving medical treatment once he returned to the jail. As such, he has not stated a cause of action against either of them.

Miltenberger also sues the Marshall County Sheriff's Department, but he does not explain how he believes the Department violated his Fourteenth Amendment rights. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). It is possible to sue a municipal entity such as a Sheriff's Department based on a policy, practice, or custom pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However this complaint alleges nothing more than a single, unfortunate event. Therefore the complaint does not state a claim against the Sheriff's Department.

This complaint does not state a claim for which relief can be granted. Nevertheless, Miltenberger may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Charles J. Miltenberger Jr. until **June 29, 2021**, to file an amended complaint; and

(2) CAUTIONS Charles J. Miltenberger Jr. if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 26, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT