UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES J. MILTENBERGER, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-682-JD-MGG |
| MARSHALL COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

OPINION AND ORDER

Charles J. Miltenberger, Jr., a prisoner without a lawyer, filed a complaint alleging he was injured while a pre-trial detainee at the Marshall County Jail. ECF 1. The court screened the complaint pursuant to 28 U.S.C. § 1915A and found it did not state a claim for which relief could be granted. ECF 5. Miltenberger was granted leave to file an amended complaint and he has now done so. ECF 7.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The amended complaint is not meaningfully different than the original and it does not state a claim. Miltenberger again alleges Officer Horton improperly shackled his ankles on March 1, 2019, in a way that made the chain shorter than normal. He then walked with other inmates to a van escorted by Officer Kraning A.C. where he fell when he tried to get in. He alleges he was dirty, hurting, bleeding, had a swollen eye, and had broken his glasses. After he fell, he alleges Officer Kraning A.C. laughed at him, but then helped him get up and into the van after other inmates suggested he do so. Officer Kraning A.C. then drove the van to the courthouse with the other inmates where he helped Miltenberger get out of the van. After the judge sent everyone away shortly after they arrived, Officer Kraning A.C. helped Miltenberger get back into the van before driving back to the jail where his scrapes were cleaned, he was given Band-Aids, and a new uniform. He alleges a nurse told him to contact her if he continued to have problems. He says he tried to do so, but was ignored by an unknown guard after he filed a grievance.

A pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). However, "[i]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id*. at 539. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive

governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). However, for a pre-trial detainee to establish a claim under the Fourteenth Amendment, "it will not be enough to show negligence or gross negligence." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

As with the original complaint, there is no indication either Officer Horton or Officer Kraning A.C. acted with anything more than negligence in connection with either Miltenberger's ankle shackles or his fall while climbing into the van. Though Officer Kraning A.C. laughed when he fell and briefly delayed helping him up, there is no indication he was injured by either. Neither is there any indication the short time it took to go to the courthouse before returning to the jail resulted in any exacerbation to the injuries he suffered when he fell. Though he alleges an unknown officer did not call the nurse in response to a grievance he later filed, there is no indication either of the named defendants prevented him from receiving medical treatment once he returned to the jail. As such, he has not stated a cause of action against either of them.

Miltenberger again sues the Marshall County Sheriff's Department, but he still does not explain how he believes the Department violated his Fourteenth Amendment rights. It is clear he does not like the way he was treated, but there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). It is possible to sue a municipal entity such as a Sheriff's Department based on a policy, practice, or custom pursuant to *Monell v. Dep't*

3

*of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However, this complaint alleges nothing more than a single, unfortunate event followed by a problem with an unknown officer who did not call a nurse in response to a grievance. The amended complaint does not state a claim against the Sheriff's Department.

Miltenberger filed a complaint which did not state a claim, so he was granted leave to file an amended complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, it does not state a claim either.

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED on July 19, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT